986 F.2d 1407
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES OF AMERICA, Appellee,
v.
DWIGHT ERIC CHADBOURNE, Defendant, Appellant.
 No. 92-1828.
 United States Court of Appeals,
First Circuit.
 February 26, 1993
 
 Appeal from the United States District Court for the District of Maine
 Jerome B. Goldsmith for appellant.
 Margaret D. McGaughey, Assistant United States Attorney, with whom Richard S. Cohen, United States Attorney, and James L. McCarthy, Assistant United States Attorney were on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Torruella, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant asserts that the district court committed reversible error in its bench-trial ruling precluding the following inquiry of defendant's expert:
 
 
 2
 Doctor, could that severe manic episode you testified Eric suffered from at the time of the offense have caused him to have been unable to appreciate the nature and quality or the wrongfulness of his acts?
 
 
 3
 For several reasons, we believe the issue defendant attempts to raise on appeal need not be reached.[1]
 
 
 4
 First, though it sustained the government's Rule 704(b) objection, the district court did not preclude the quoted inquiry. Rather, the court went on to state: "You can ask the question for whatever weight the Court wishes to give it...."[2]
 
 
 5
 Second, and more to the point, the district court expressly found that there was insufficient evidence that defendant suffered from "a severe mental disease or defect" when he robbed the bank. Absent an appellate challenge to the district court's predicate finding, and there is none, there can have been no error in the exclusion of defense counsel's hypothetical question.
 
 
 6
 Third, all else aside, the ruling is firmly rooted in Rule 702, which empowers the court to allow expert testimony if it could "assist the trier of fact to understand the evidence or to determine a fact in issue...." Fed. R. Evid. 702. As the trier of fact, the district court judge simply determined that the proffered expert testimony would not aid its determination of the ultimate issue. There could be no abuse of discretion in its Rule 702 exclusion, particularly in view of its invitation to proceed with the testimony for whatever weight the court might decide to give it.
 
 
 7
 Affirmed.
 
 
 
 [1]
 The sole basis for the appeal is that the district court misapplied Federal Evidence Rule 704(b), which provides:
 (b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.
 Fed. R. Evid. 704(b).
 
 
 [2]
 The Court further explained: "The point being that it's the trier of fact that makes that ultimate factual decision and not the expert under 704."